AMERICAN GRAPHOPHONE CO. v. WALCUTT et al.

(Circuit Court, S. D. New York. March 28, 1898.)

INJUNCTION—CONTEMPT—INFRINGEMENT OF PATENT.

  Where the officers of a corporation, adjudged guilty of contempt for the violation of an injunction against the infringement of a patent, claim that they were misled by the wording of the decree, they are entitled to the benefit of any fair doubt in that respect, and are not punished beyond making good the injury by paying over the profits and damages of the violation, with costs.

This was a suit in equity by the American Graphophone Company against Cleveland Walcutt and Edward F. Leeds, for infringement of a patent.

Philip Mauro, for plaintiff.
Albertus H. West, for defendants.

WHEELER, District Judge.  The claims of this patent that have been sustained cover sound records, as manufactures.   The defendants have phonographs acquired from the American Phonograph Company, which that company had a right, acquired from owners of this patent, to use for making such sound records, and this right came with the phonographs to the defendants.   When the decree for an injunction was settled, in order that the defendants might not be restrained from doing anything that they had a lawful right to do, the decree for the injunction was not left to be for an injunction against making, using, and selling such sound records absolutely, but only against such as were not, or should not be, "made on machines not procured from the plaintiff, or under this patent."   All such sound records so made by the use of the phonographs so procured in subordination to the patent, and to the rights of those owning it, were left free to the defendants.   All other such sound records were prohibited to them.   They appear to have continued making original and duplicate sound records since the injunction as they did before.   There does not appear to be any difference between the originals and duplicates when made.   The former are understood to be made by the operation of sound waves of speech, or music, in the air, upon the phonographs, which are made thereby to record them.   The latter are understood to be copied by machines from the former, and not to be made by sound waves in the air.   The latter cannot be made by using the phonographs which the defendants have the right to use alone.   Other means are, and necessarily must be, employed in making them.   The defendants are strictly limited to what their phonographs so procured are actually made to do; the use of those existing things only being what is free from the monopoly of the patent to the defendants.   The right to make sound records by the use of certain phonographs does not include a right to make like sound records by other means, or by the use of the phonographs and other means necessary to accomplish the making of them.   This latter the defendants appear to have done; and, by doing it, they have gone outside of the license implied from the ownership of, and right to use, the specific phonographs procured from the American Graphophone Company, and have thereby violated the injunction.   They have done this as officers of a corporation organized while the case was under advisement, but that does not make their own acts any less a violation of the injunction.   They must therefore be adjudged guilty of contempt.

They claim to have been misled by the wording of this part of the decree; and as this proceeding is in its nature criminal, although for the protection of a civil right, they are entitled to the benefit of any fair doubt in that respect.   The words do not seem to be ambiguous in this direction, but may have appeared so to others; and, to give the

defendants the full benefit of all possible doubt of intent arising from ambiguity, they will not be punished beyond making good the injury to the party, by paying over, upon ascertainment, the profits and damages of the violation, with costs of this proceeding, and, in default thereof, to stand committed. The respondents are adjudged guilty of contempt, and let an account be taken by the master of the profits and damages of the violation of the injunction order, to be paid in some short time after the coming in of the report, with costs; and, in default thereof, defendants to stand committed till the same are paid.